AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 20-sw-104
INFORMATION ASSOCIATED WITH ONE BLACK APPLE IPHONE AND ONE APPLE IPAD PREVIOUSLY RECOVERED BY THE FBI FROM THE OFFICE OF JASON TIPTON, FORT BELVOIR COMMUNITY HOSPITAL, 9300 DEWITT LOOP, FORT BELVOIR, VIRGINIA, AND CURRENTLY LOCATED AT THE U.S. ATTORNEY'S OFFICE, 555 4th ST, NW, WASHINGTON, DC, UNDER RULE 41 )
)
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A incorporated herein and included as part of this Application for a Search Warrant.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B incorporated herein and included as part of the attached Affidavit.

**YOU ARE COMMANDED** to execute this warrant on or before _____April 22 , 2020_____   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Deborah A. Robinson_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  04/08/2020       Deborah A. Robinson
                                        *Digitally signed by Deborah A. Robinson*
                                        *Date: 2020.04.08 10:33:11 -04'00'*
                                        *Judge's signature*

City and state:     Washington, DC        Deborah A. Robinson, U.S. Magistrate Judge
                                          *Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>20-sw-104 | Date and time warrant executed:<br>April 8, 2020 @ 11:00am | Copy of warrant and inventory left with:<br>N/A |
| Inventory made in the presence of :<br>N/A | | |
| Inventory of the property taken and name(s) of any person(s) seized:<br><br>Forensic report and associated files | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: June 10, 2020

_____
*Executing officer's signature*

SA Aliy Skelton, FBI
_____
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The items to be searched are:

- Apple iPhone

- Apple iPad, model A2197 and bearing serial number F9FZGSPAMF3M

previously recovered by the FBI from the office of JASON TIPTON, Ft. Belvoir Community Hospital, 9300 DeWitt Loop, Fort Belvoir, Virginia and currently located at the United States Attorney's Office, 555 4th St., NW, Washington, DC.

## **ATTACHMENT B**

*Property to be seized*

1. The items, information, and data to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of Title 18, United States Code, Sections 2251(a) and 2252(a)(2), as described in the search warrant affidavit, including, but not limited to:

2. All records and information relating to violations of Title 18, United States Code, Sections 2251(a) and 2252(a)(2), including:

   a. Child pornography;

   b. Child erotica;

   c. Visual depictions of minors engaged in sexually explicit conduct;

   d. Information,[5] correspondence, records, documents or other materials constituting evidence of or pertaining to items "a" through "c" above (namely child pornography, child erotica, and visual depictions of minors engaged in sexually explicit conduct), or constituting evidence of or pertaining to the possession, transportation, receipt, distribution, or transmission through interstate or foreign commerce of items "a"

---

[5] As used in this attachment, the terms "information" and "records" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

31

and "c" above, or constituting evidence of or pertaining to an interest in child pornography or sexual activity with children, including:

1. Correspondence or communications, such as electronic mail, chat logs, and electronic messages;

2. Internet usage records, user names, logins, passwords, e-mail addresses and identities assumed for the purposes of communication on the Internet, billing, account, and subscriber records, chat room logs, chat records, membership in online groups, clubs or services, connections to online or remote computer storage, and electronic files;

3. Diaries, address books, names, and lists of names and addresses of individuals who may have been contacted by the computer and internet websites;

4. Shared images, "friends lists," and "thumbnails"; and

5. Financial records, including credit card information.

e. evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

f. evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

g. evidence of the lack of such malicious software;

32

h. evidence indicating how and when the DEVICE was accessed or used to determine the chronological context of DEVICE access, use, and events relating to crime under investigation and to the DEVICE user;

i. evidence indicating the DEVICE user's state of mind as it relates to the crime under investigation;

j. evidence of the attachment to the DEVICE of other storage devices or similar containers for electronic evidence;

k. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the DEVICE;

l. evidence of the times the DEVICE was used;

m. passwords, encryption keys, and other access devices that may be necessary to access the DEVICE;

n. documentation and manuals that may be necessary to access the DEVICE or to conduct a forensic examination of the DEVICE;

o. records of or information about Internet Protocol addresses used by the DEVICE;

p. records of or information about the DEVICE's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

q. contextual information necessary to understand the evidence described in this attachment.